IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   NO. 9:22-CR-40(10) |
| | § |
| BRANDI D. OWENS | § |

**MOTION FOR
A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On March 21, 2023, the defendant, Brandi D. Owens, entered a plea of guilty to Count One of the superseding indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute methamphetamine (actual). As part of the plea agreement with the United States, the defendant consented to the forfeiture of $1,437.00 in U.S. Currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense alleged in Count One of the superseding indictment, for which the defendant is personally liable.

2. Rule 32.2(b)(1) and (b)(2), Federal Rules of Criminal Procedure, provide that:

   (1) As soon as practical after a verdict or finding of guilty, or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If the

      government seeks to forfeit cash proceeds from the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, on any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.

(2)     If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of cash proceeds to be forfeited, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c). Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

3.     By virtue of the plea agreement, the United States has established the requisite basis for the forfeiture of $1,437.00 in U.S. Currency to the United States pursuant to 21 U.S.C. § 853.

4.     Because the forfeiture order will consist only of the forfeiture of cash proceeds obtained by the defendant, no ancillary proceeding will be required to adjudicate the interests of third parties in the forfeited property, pursuant to Rule 32.2(c)(1).

5.     The United States respectfully requests the entry of a Preliminary Order of Forfeiture as proposed in the attached order consisting of the forfeiture of a cash sum equal to $1,437.00 from the defendant, such sum being property constituting, or derived from, proceeds obtained by the defendant, as the result of the offense alleged in the indictment, for which the defendant is personally liable.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s/Donald Carter
DONALD CARTER
Assistant United States Attorney
Texas Bar No. 24065011
415 S 1st, Suite 201
Lufkin, Texas 75901
(409) 839-2538
(409) 839-2550 - fax
Donald.carter2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument has been served on counsel for the defendant via CM/ECF system on March 23, 2023.

## CERTIFICATE OF CONFERENCE

I have conferred with counsel of record for defendant regarding the merits of this motion. The motion is UNOPPOSED.

/s/ Donald Carter
DONALD CARTER
Assistant United States Attorney